UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARNOLD PAYNE, SR., : | |
|     Plaintiff, : | |
| : | Civil Action No. 3:16-cv-396 |
| v. : | |
| : | February 14, 2017 |
| SHAUNA SARDI and : | |
| MARILYS MILLMAN, in their : | |
| individual and official capacities, : | |
|     Defendants. : | |

MEMORANDUM OF ORDER
<u>GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 13]</u>

**Plaintiff Arnold Payne Sr.,** *pro se***, brings this action for injunctive relief and monetary damages, pursuant to 42 U.S.C. §§ 1981 and 1983, against Shauna Sardi and Marilys Millman, Connecticut Department of Children and Families ("DCF") employees, in their individual and official capacities. Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED, Plaintiff's Complaint is DISMISSED and the Clerk is directed to close the case. The Plaintiff may move to reopen the case by motion filed within 35 days of the date of this order. The motion must be accompanied by an amended complaint in accordance with this order.**

I. <u>Background</u>

The Complaint alleges that the Department of Children and Families erroneously substantiated claims that Plaintiff committed sexual abuse, and placed Plaintiff's name on a registry [Dkt. No. 1-1 at 3]. The Complaint

1

asserts that DCF "must have realized they were wrong," because after the Plaintiff contacted DCF about the "unjust substantiation," DCF sent him a letter "admitting they've made numerous error[]s in their decision to substantiate."  Plaintiff faults DCF for failing to uncover their errors absent his intervention, and claims that this failure was a result of carelessness and a "reckless disregard[] for the truth."  [Dkt. No. 1-1 at 3].  Plaintiff does not allege facts establishing that the errors were material.  He asserts that DCF violated its own policies by failing to conduct a fair investigation into the alleged abuse, and by denying him the opportunity to appeal his substantiation and placement on the registry.

Plaintiff categorically alleges that his placement on the registry constitutes defamation as well as cruel and unusual punishment, and violates his substantive due process rights under the Fourteenth Amendment to the United States Constitution.  Plaintiff also alleges that by failing to offer him the hearing mandated by Conn. Gen. Stat. § 17a-101, Defendants deprived him of his procedural due process rights.  He seeks injunctive relief in the form of a hearing to contest his substantiation, and damages for defamation and the violation of his constitutional rights.  [Dkt. No. 1-1 at 2-3].

In their briefing, Defendants identified the registry to which Plaintiff refers in his Complaint as the "DCF Connecticut Child Abuse and Neglect Central Registry," which is governed by section 17a-101k of the Connecticut General Statutes.  [Dkt. No. 13-1 at 1].

**Defendants also stated the Plaintiff was sent a first notice of substantiation findings on February 20, 2015, and that a corrected notice letter was sent to him on June 2, 2015. [Dkt. No. 13-1 at 1-2]. Defendants attached to their Motion to Dismiss a letter dated July 28, 2015 and referenced by the Plaintiff in his Complaint, which states:**

> **"This will confirm that the enclosed Notification of Investigation Results, which was forwarded to you by the Department Paralegal on June 2, 2015, replaces the previous one, dated February 20, 2015, which contained numerous errors as you had pointed out in a previous correspondence. The Notification of Investigation Results dated June 1, 2015, replaces and supersedes the Notification of Investigation Results of February 20, 2015. You can disregard the February Notification as that document had numerous errors and is an inaccurate document. This should clear up any confusion that may have been caused by your receipt of the February results letter.**
>
> **As you know, your hearing is scheduled for Monday, December 19, 2016 at 9:30 a.m. . . . as is set forth in the letter of June 2, 2015."**

[Dkt. No. 13-3]. Neither the February 20, 2015 letter nor the June 2, 2015 letter is in the record, nor are the salient portions the record quoted in the Complaint. Defendants claim that Plaintiff's administrative hearing had not been held prior to Plaintiff filing his Complaint because he could not attend the hearing while he was incarcerated. [Dkt. No. 13 -1 at 13].

**Plaintiff originally filed his Complaint in the Connecticut Superior Court, and Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446. Defendants claim that while both Sardi and Millman were served in their official capacities, only Sardi was served in her individual capacity. [Dkt. Nos. 1 ¶ 2, 3 ¶ 1]. No returns of service have been filed on the docket.**

Plaintiff did not file an opposition brief.

II.    <u>Legal Standard</u>

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 128 (2d. Cir. 2003).   However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6).  *Id.*

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court may also consider documents of which the Plaintiffs had knowledge and relied upon in bringing suit, *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), so long as these documents are "integral" to the complaint and the record is clear that no dispute exists regarding the documents' authenticity or accuracy.  *Faulkner v. Beer*, 463 F.3d 130, 133-35 (2d Cir. 2006).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Sarmiento v. United States*, 678 F.3d 147 (2d Cir.

4

2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.,* 309 Fed. App'x. 495, 497 (2d Cir.2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted).

In considering a motion to dismiss under Rule 12(b)(6), the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

III. <u>Discussion</u>

 A. <u>Sovereign Immunity</u>

Absent the a state's consent or Congressional abrogation, the Eleventh Amendment bars this Court from exercising jurisdiction over

suits for money damages brought by citizens of a state against that state, its agencies, or its employees in their official capacities. *Kloth-Zanard v. Malloy*, No. 3:15-CV-00124 (MPS), 2016 WL 5661977, at *3 (D. Conn. Sept. 29, 2016) (citing cases). Because the State of Connecticut has not consented to suit in this case, and section 1983 does not abrogate the Eleventh Amendment, *id.*, Plaintiff's claims for monetary damages against the Defendants in their official capacities must be DISMISSED.

### B. Personal Jurisdiction Over Defendant Millman

To exercise personal jurisdiction over a defendant, a plaintiff's service of process on the defendant must have been procedurally proper. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012); *see also Gonzalez v. Option One Mortg. Corp.*, No. 3:12-CV-1470 CSH, 2014 WL 2475893, at *13 (D. Conn. June 3, 2014) ("Absent sufficient service on a defendant, the Court may not exercise personal jurisdiction over that party.").

Rule 4(e) of the Federal Rules of Civil Procedure provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an

>   agent authorized by appointment or by law to receive service of process.

The record contains no evidence that Millman was served in accordance with Rule 4(e)(2). The Court will therefore evaluate the adequacy of service under Connecticut law.

Connecticut law prescribes different methods of service for state employees served in their official capacities and their individual capacities. Conn. Gen. Stat. § 52-64(b) sets forth the requirements for serving a state employee in an official capacity:

>   In any civil action commenced by a person who is incarcerated against . . . any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as the case may be, service of process on all defendants in such civil action, who are sued in their official capacity, shall be accomplished by a proper officer (1) leaving one true and attested copy of the process, including the declaration or complaint, with the Attorney General at the office of the Attorney General in Hartford, or (2) sending one true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford.

By contrast, to serve a state employee in her individual capacity, Conn. Gen. Stat. § 52-57(a) states that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Under state law, therefore, effecting service that meets the requirements of section 52-64(b) is not proper for an employee sued in her individual capacity. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 507 (2d Cir. 2006) (comparing the requirements of Conn. Gen. Stat § 52-64 (official capacity) with Conn. Gen. Stat. § 52-57(a) (individual capacity) and holding

7

that plaintiff had not properly effected service on the defendants in their individual capacities).

Defendants argue that because Millman has only been served in her official capacity, the Court must dismiss claims against her in her individual capacity pursuant to Rule 12(b)(2).  The Court agrees.  Plaintiff bears the burden of establishing that each Defendant is subject to the Court's jurisdiction, *Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Grp., Inc.*, 312 F. Supp. 2d 247, 251 (D. Conn. 2004).   Plaintiff has not responded to the Motion to Dismiss.  Further, the record in this case does not reflect that Millman was served in her individual capacity.  Therefore the Plaintiff has not established the Court's jurisdiction over Millman in her individual capacity, and that claim is DISMISSED.

### C. Liability for Damages

Even if the exercise of personal jurisdiction were proper as to both Defendants in their individual capacities, dismissal would still be warranted.  "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009).  Plaintiff has not indicated in his Complaint what if any role Sardi and Millman played in the events giving rise to this case.  He references the Defendants only three times in his complaint:

(1) "The defendant(s) are being sued in their own individual official capacities." [Dkt. No. 1-1 at 2].

    (2)      "The defendant(s) DCF herein caused the plaintiff irreparable harm and extensive, emotional permanent damages occurred to him as descri[bed] herein."  [Dkt. No. 1-1 at 2].

    (3)      During all times described herein, the defendant[]s were and still are employees of the New Haven Department of Children and Families."  [Dkt. No. 1-1 at 3].

    (4)      "The acts and omissions of the defendant's DCF hereinafter does constitu[t]e a deprivation of the plaintiff[']s constitutional rights to be free from slanderous defamatory statements."  [Dkt. No. 1-1 at 3]

Of these paragraphs, only one contains a factual allegation, and the other three are legal conclusions.  The fact that the Defendants are DCF employees is insufficient to show that they were personally involved in the alleged constitutional deprivations.  *See Kloth-Zanard v. Malloy*, No. 3:15-CV-00124 (MPS), 2016 WL 5661977, at *4 (D. Conn. Sept. 29, 2016) (holding that the plaintiff had alleged no conduct actionable under federal law, where the plaintiff alleged only that defendants "are or were employees of [DCF]" whose names were "found in DCF records"). In the remainder of the Complaint, Plaintiff identifies "DCF" as the entity responsible for his erroneous placement on the registry and the denial of an administrative hearing.  [*See* Dkt. No. 1-1 at 3].  Because Plaintiff has not alleged that the Defendants were personally responsible for depriving him of his constitutional rights, he may not collect damages from them.

    D. <u>Injunctive Relief</u>

Similarly, Plaintiff may not seek injunctive relief from the Defendants, because Plaintiff's allegation that the Defendants are DCF employees is insufficient to show that they have the power to add or remove Plaintiff's

9

name from the registry or to grant or deny him a hearing.  It is true that "a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law," so long as the Plaintiff alleges an ongoing violation of federal law, and seeks relief properly characterized as prospective.  *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).  However, to state a valid claim, Plaintiff must seek relief from parties empowered to implement the requested action.  See *Kuck v. Danaher*, 822 F. Supp. 2d 109, 151 (D. Conn. 2011); *HealthNow N.Y., Inc. v. N.Y.*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010), *aff'd,* 448 F. App'x 79 (2d Cir. 2011) ("For a state officer to be a proper party, both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty are needed." (internal quotations omitted)).  The fact that the Defendants are DCF employees, without more, does not render the Defendants proper parties.  Because Millman and Sardi are improper parties with respect to injunctive relief, claims against the Defendants in their official capacities must be DISMISSED.

     E. Substantive Claims

Even if Plaintiff had named proper parties, his Complaint would be deficient, because he did not allege that his placement on the registry resulted in compensable harm.  At least one court in this district has held that placement on the "DCF Connecticut Child Abuse and Neglect Central Registry," may constitute a deprivation of due process rights where the stigma attached to the registry causes a tangible burden.  See *Kloth-Zanard*

10

*v. Malloy*, No. 3:15-CV-00124 (MPS), 2016 WL 5661977, at *5 (D. Conn. Sept. 29, 2016) (holding that the plaintiff's "allegations are sufficient to state a claim for violation of her due process rights under a 'stigma-plus' theory, because they suggest that her improper placement on the registry legally barred her from the type of employment she sought"). Although "damage to one's reputation is not by itself sufficient to invoke the procedural protection of the Due Process Clause," the stigma resulting from the "defamatory character" of being listed on the registry, combined with "some other state-imposed alteration" in the plaintiff's legal status, may constitute "infringement of a protected liberty interest." *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 3–4 (2d Cir. 2013). Here, Plaintiff has not alleged that his placement on the registry has caused any tangible burden or alteration in his legal status.

      Plaintiff's post-deprivation procedural due process claim is moot. He claims he was denied a hearing by DCF. In support of its motion to dismiss, the Defendants attach as an exhibit a letter referenced in the Complaint which it sent to the Plaintiff in response to his correspondence. The letter states that a hearing was scheduled for December 19, 2016 corroborating the fact that a hearing was afforded. Accordingly, this claim for denial of post-deprivation due process fails and must be AND IS HEREBY DISMISSED.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED in all respects. The Clerk is directed to close the case. The Plaintiff may move to reopen the case within 35 days of the date of this Order. Any motion to reopen the case must be accompanied by an Amended Complaint. The Amended Complaint must name proper parties, must allege compensable harm, and if the Plaintiff seeks to assert a claim that he was denied an administrative hearing, his Amended Complaint must allege facts identifying the DCF employee who deprived him of a hearing and allege the specific acts and omissions of that employee which caused the deprivation. The Court will deny any motion to reopen filed after the deadline set herein or not accompanied by an Amended Complaint in conformity with this Order.

SO ORDERED at Hartford, Connecticut this 14th day of February, 2017.

                                                        /s/
                                        VANESSA L. BRYANT
                                        UNITED STATES DISTRICT JUDGE